397 A.2d 508.

IN RE LEIGH.

JANUARY 30, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

PER CURIAM. This is an appeal by the respondent, a 14-year-old juvenile, from an order of a justice of the Family Court finding that she had violated the terms of her probation and ordering her detention at the Rhode Island Training School for Girls.

The statute governing the supervision of juveniles placed on probation, G.L. 1956 (1969 Reenactment) §14-1-33, authorizes a child's probation counselor, at any time before the child is discharged from probation, to bring the child before the Family Court. The court may then "make any disposition of the case which it might have made before the child was placed on probation, or may continue or extend the period of probation." Implicit in those provisions is the requirement that the child not be brought before the court unless a triggering event or condition occurs. Furthermore, the court may not exercise the power conferred upon it unless that event or condition is established to the court's reasonable satisfaction. *See Gonsalves* v. *Howard,* 113 R.I. 544, 548-49, 324 A.2d 338, 341 (1974); *Walker* v. *Langlois,* 104 R.I. 274, 282, 243 A.2d 733, 737 (1968).

In this case, respondent was found to be a wayward child and placed on probation. Only 2 weeks later her probation counselor brought her before the Family Court on a petition alleging that she had "violate[d] the terms of her probation in that she left her home without good and sufficient cause and is presently being detained at the Broward Youth Center in Pompano Beach, Florida." Although an alleged flight from the home to which she had been remanded justified respondent's counselor in bringing her before the court, the record of the Family Court proceedings that followed contains not even a scintilla of evidence establishing that she had run away from home after being placed on probation. The trial justice acted arbitrarily and capriciously when, in the absence of such evidence, he held that she had violated her probation. That kind of decision cannot be allowed to stand. *See Gonsalves* v. *Howard,* 113 R.I. at 549, 324 A.2d at 341; *Walker* v. *Langlois,* 104 R.I. at 282-83 A.2d at 737-38.

In light of the foregoing, we need not reach the question of the extent to which the due process guarantees of the fourteenth amendment apply to a juvenile probation violation hearing.

The respondent's appeal is sustained, the order appealed from is reversed, and the case is remanded to the Family Court for further proceedings.

*Julius C. Michaelson,* Attorney General, *Nancy Marks Rahmes,* Special Assistant Attorney General, for petitioner.

*William F. Reilly,* Public Defender, *Barbara Hurst,* Chief Appellate Attorney, *Lise J. Gescheidt,* Assistant Public Defender, for respondent.